COPY

EMC

C 07 5434

1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Deputy
3  SCOTT D. WIENER, State Bar #189266
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, 6th Floor
5  San Francisco, California 94102-5408
   Telephone:     (415) 554-4283
6  Facsimile:     (415) 554-3837

7  Attorneys for Defendant
   CITY AND COUNTY OF SAN FRANCISCO

8

9              UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11  ALEXIS BAUTISTA, an individual,          Case No.

12              Plaintiff,                   NOTICE OF REMOVAL OF ACTION
                                             UNDER 28 U.S.C. § 1441(b) (FEDERAL
13          vs.                              QUESTION JURISDICTION) BY
                                             DEFENDANT CITY AND COUNTY OF
14  CITY AND COUNTY OF SAN                   SAN FRANCISCO [28 U.S.C. §§ 1441,
    FRANCISCO, SAN FRANCISCO                 1446]
15  POLICE DEPARTMENT, SAN
    FRANCISCO POLICE OFFICER                 DEMAND FOR JURY TRIAL
16  WILLIAMS, SAN FRANCISCO POLICE
    SERGEANT ESPINOZA, SAN
17  FRANCISCO POLICE OFFICER LUM,
    DOES 1 to 20, Inclusive,
18
                Defendants.
19

20

21

22

23

24

25

26

27

28

1    TO THE CLERK OF THE ABOVE COURT AND TO PLAINTIFF AND HER COUNSEL

2  OF RECORD:  NOTICE IS HEREBY GIVEN that the City and County of San Francisco, named as

3  defendant in the above-captioned action, No. CGC-07-467555 in the files and records of the

4  Superior Court of California for the County of San Francisco, hereby removes said action to the

5  United States District Court for the Northern District of California, pursuant to 28 U.S.C. sections

6  1441 and 1446, and is filing in said Superior Court a Notice of Removal.

7    Defendant City and County of San Francisco pursuant to 28 U.S.C. §§1441 and 1446,

8  presents the following facts to the Judges of the United States District Court for the Northern District

9  of California:

10    A civil action bearing the above-caption was commenced in the Superior Court of California

11  for the City and County of San Francisco, Case No. CGC-07-467555 on September 25, 2007, and is

12  pending therein.  The summons and complaint were served on the City and County of San Francisco

13  on October 5, 2007.  The complaint includes a claim for "violation of civil rights."

14    This action is one which may properly be removed to this Court pursuant to 28 U.S.C.

15  sections 1441(a) and (b), because the complaint alleges a "violation of civil rights."

16    To the extent that plaintiff's complaint alleges a claim or cause of action other than violation

17  of rights under the laws of the United States, said causes of action may be removed and adjudicated

18  by this Court pursuant to 28 U.S.C. §1441(c).

19    Pursuant to 28 U.S.C. §1446(b), copies of the process, pleadings and other orders served

20  upon defendant in this action are attached as Exhibit A.  Defendant's answer and related documents

21  are attached as Exhibit B.

22    WHEREFORE, defendant prays that the above action now pending in the Superior Court of

23  California for the County of San Francisco be removed in its entirety to this Court for all further

24  proceedings.

25

26

27

28

## DEMAND FOR JURY TRIAL

Defendant City and County of San Francisco demands a trial by jury in this action.

Dated:  October 24, 2007

DENNIS J. HERRERA
City Attorney
JOANNE HOEPER
Chief Trial Deputy
SCOTT D. WIENER
Deputy City Attorney

By: _____
    SCOTT D. WIENER
    Attorneys for Defendant
    CITY AND COUNTY OF SAN FRANCISCO

**EXHIBIT A**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<div style="border">
FOR COURT USE ONLY<br>
*(SOLO PARA USO DE LA CORTE)*

RECEIVED
MAYOR'S OFFICE

07 OCT -5 AM II: 17
</div>

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
City and County of San Francisco, San Francisco Police Department, San
Francisco Police Officer Williams, San Francisco Police Sergeant
Espinoza, San Francisco Police Officer Lum, and Does 1 to 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
Alexis Bautista

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>400 McAllister Street<br>San Francisco, CA 94102 | CASE NUMBER:<br>*(Número del Caso):*<br>**CGC-07-467555** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Norman Newhouse (Bar # 104746)                     Phone No. (650) 365-8534
Law Office of Norman Newhouse                          Fax No. (650) 365-1218
483 Seaport Court, Suite 103, Redwood City, CA 94063

Deborah Steppe

DATE:                          Gordon Park-Li          Clerk, by _____ , Deputy
*(Fecha)*  SEP 2 5 2007    *(Secretario)*                                                       *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐  as an individual defendant.
2. ☐  as the person sued under the fictitious name of *(specify):*
3. ☒  on behalf of *(specify):* City and County of San Francisco

   under:  ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☒ other *(specify):* Public entity
4. ☐  by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
Code of Civil Procedure §§ 412.20, 465

ENDORSED
F I L E D
San Francisco County Superior Court

SEP 2 5 2007

GORDON PARK-LI, Clerk
BY: DEBORAH STEPPE
Deputy Clerk

1  LAW OFFICE OF NORMAN NEWHOUSE
NORMAN NEWHOUSE, No. 104746
2  483 Seaport Court, Suite 103
Redwood City, CA 94063
3  Telephone: 650-365-8534
Facsimile: 650-365-1218
4

CASE MANAGEMENT CONFERENCE SET

Attorney for Plaintiff
5  ALEXIS BAUTISTA

FEB 2 2 2008 -9:00 AM

6

7                    DEPARTMENT 212

8        **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9          **IN AND FOR THE COUNTY OF SAN FRANCISCO**

10

11

12  ALEXIS BAUTISTA, an individual        )  Case No.: **CGC-07-467555**
                                         )
13          Plaintiff,                   )
                                         )
14              v.                       )  **COMPLAINT FOR ASSAULT,**
                                         )  **BATTERY, USE OF EXCESSIVE FORCE**
15  CITY AND COUNTY OF SAN              )  **BY A POLICE OFFICER, FALSE**
    FRANCISCO, SAN FRANCISCO POLICE     )  **ARREST AND VIOLATION OF CIVIL**
16  DEPARTMENT, SAN FRANCISCO           )  **RIGHTS**
    POLICE OFFICER WILLIAMS, SAN        )
17  FRANCISCO POLICE SERGEANT           )
    ESPINOZA, SAN FRANCISCO POLICE      )  **DEMAND FOR JURY TRIAL**
18  OFFICER LUM, DOES 1 to 20, Inclusive, )
                                         )
19          Defendants.                  )
                                         )
20  _____    )

21

22      PLAINTIFF Alexis Bautista ALLEGES:

23      1.    Plaintiff is and was at all times mentioned herein a citizen of the State of California,

24  County of San Mateo.

25      2.    The amount in controversy exceeds $50,000.00, exclusive of interest and costs.

26      3.    All Defendants must be sued in San Francisco County. The claim arose in San

27  Francisco County. The Plaintiff resides in San Mateo County.

28  ///

Complaint for Assault, Battery, Use of Excessive Force by a Police Officer, False Arrest and Violation of Civil Rights    1

4.    All named individual Defendants were acting within the coarse and scope of their government employment and official capacity and are also sued in their individual capacities for damages as alleged in this Complaint.

5.    Defendants city of San Francisco and San Francisco Police Department are, and at all times mentioned herein were, public entities, being an incorporated city and its police department in the State of California.

6.    Plaintiff is required to, and has, complied with the Government Tort Claims Act by timely filing a claim against the City of San Francisco and by then timely filing this complaint.

7.    Defendants, at all times mentioned, herein were the agents, employees and co-conspirators of their Co-Defendants and in doing the things alleged were acting within the course and scope of the agency, employment and/or conspiracy and with the prior knowledge of permission, consent, and/or ratification of their Co-Defendants.

## OCCURRENCE ALLEGATIONS

8.    Plaintiff and her friend of several years Rene Gallardo were sitting and talking in the backseat of Plaintiff's car after their architecture class at the art school across the street had ended. Plaintiff was on the driver side and Mr. Gallardo was on the passenger side. They had been sitting in the car about a half-hour when San Francisco Police Officer Williams and the San Francisco Police Sergeant Espinoza approached the passenger side of the car, shined flashlights inside and told Mr. Gallardo to step out of the car and present identification. When Mr. Gallardo stepped out the officers walked him to the back of the car.

9.    While the conduct described in paragraph 8 was occurring, Officer Lum shown his flashlight in the car's driver's side rear window and tapped on the glass. In response, Plaintiff opened her car door and put her left foot out to step from the car. Before she could step out, Officer Lum stamped heavily on her left foot pinning it to the ground and put his head and shoulders inside her car so he was over and on top of her.

///

///

///

Complaint for Assault, Battery, Use of Excessive Force by a Police Officer, False Arrest and Violation of Civil Rights    2

10.    Officer Lum unzipped the front of Plaintiff's blouse, reached inside her blouse, and began grabbing at her breasts with one hand and pushing his other hand between her thighs and grabbing at her crotch and genitals.  Plaintiff attempted to pull her blouse closed and push Officer Lum's hand away from her genitals.  She said what are you doing and get off me to Officer Lum.

11.    Mr. Gallardo, seeing Officer Lum's actions through the back window of the car, shouted at Officer Lum to let Plaintiff go.  Officer Lum then grabbed the front of Plaintiff's blouse and pulled it open again, tearing it and exposing her bra and breasts.  He used the front of her blouse to yank her from the car so her bra and breasts were exposed to onlookers and pushed Plaintiff face down onto the street.  He then yanked her to her feet, grabbed her left arm, twisted it to her shoulder blades.  He then brought her hands down behind her back and handcuffed her.

12.    Officer Lum then grabbed Plaintiff's collar and hair and pushed and dragged Plaintiff along the street for approximately five car lengths, to where a police car was parked.  Officer Lum then pushed Plaintiff to the ground again, dragged her back to her feet again, and pushed her into the back seat of the police car.  As Officer Lum was pushing her into the police car, Plaintiff asked why this was happening and Officer Lum put his hand over her face and shoved her backward by pushing on her face.

13.    Plaintiff sat handcuffed in the back of the police car for approximately 1 ½ hours.  Officer Lum then gave Plaintiff a notice to appear requiring her to appear at 850 Bryant Street, San Francisco to be booked.  The ticket stated that Plaintiff had committed a misdemeanor violation of Penal Code §148A "resisting police officer".  Plaintiff was then released.

14.    As Plaintiff was being released, Sergeant Espinoza and Officer Williams told her that she was "making too big a deal" of what had happened and explained to her that if she went to Court and apologized personally to the three policemen, they would consider dropping the charges against her.  Officer Espinoza called Plaintiff a rich, spoiled brat.

## DAMAGES ALLEGATIONS

15.    Plaintiff hereby re-alleges and incorporates by reference herein as if fully set forth, Paragraphs 1 through 14 of this Complaint.

///

Complaint for Assault, Battery, Use of Excessive Force by a Police Officer, False Arrest and Violation of Civil Rights    3

16.     As a proximate result of the acts of Defendants, Plaintiff was injured in his health, strength and activity, sustaining injury to his body and shock and injury to his nervous system and person and, among others, sustained emotional and physical distress, highly unpleasant emotional reactions, including fright, shock, nervousness, anxiety, worry, horror, grief, mortification, humiliation, embarrassment, indignity, apprehension, fear and terror, all of which injuries have caused Plaintiff to suffer extreme and severe physical pain and mental anguish. These injuries will result in some permanent disability to Plaintiff all to his general damages in a sum unknown at this time.

### FIRST CAUSE OF ACTION

### FOR ASSAULT BY PEACE OFFICER

17.     Plaintiff hereby re-alleges and incorporates by reference herein as though fully set forth, paragraphs 1 through 16 of this complaint.

19.     Defendants committed an assault on Plaintiff by causing Plaintiff to apprehend and and immediate touching with the intent to harm or offend him. Plaintiff did not consent to any touching.

20.     Plaintiff was harmed and offended by Defendants conduct. A reasonable person in Plaintiff's situation would have been offended by Defendant's conduct.

### SECOND CAUSE OF ACTION

### FOR BATTERY BY A PEACE OFFICER

21.     Plaintiff hereby re-alleges and incorporates by reference herein as if fully set forth, Paragraphs 1 through 20 of this Complaint.

22.     Defendants, and each of them, harmed Plaintiff by using unreasonable force to arrest him. Defendants intentionally touched or caused Plaintiff to be touched. Plaintiff did not consent to the use of that force. Plaintiff was harmed and Defendants use of unreasonable force was a substantial factor in causing Plaintiff's harm.

///

///

///

Complaint for Assault, Battery, Use of Excessive Force by a Police Officer, False Arrest and Violation of Civil Rights    4

### THIRD CAUSE OF ACTION

### FALSE ARREST AND IMPRISONMENT BY PEACE OFFICER WITHOUT A WARRANT

23.    Plaintiff hereby re-alleges and incorporates by reference herein as though fully set forth, paragraphs 1 through 22 of this complaint.

24.    Defendant police officers arrested and imprisoned Plaintiff. Defendant police officers did not have a warrant for Plaintiff's arrest. Defendant police officers had no probable cause that would constitute reasonable cause to believe that Plaintiff had committed a crime in the defendant police officers presence. Plaintiff was harmed by her false arrest and imprisonment. Defendant police officer's conduct in falsely arresting and imprisoning Plaintiff was a substantial factor in causing Plaintiff's harm.

### FOURTH CAUSE OF ACTION

### FOR VIOLATION OF CIVIL RIGHTS

31.    Plaintiff hereby re-alleges and incorporates by reference herein as if fully set forth, Paragraphs 1 through 30 of this Complaint.

32.    Defendants, and each of them, used or caused to be used, force in arresting Plaintiff. The force used by Defendants was excessive and not reasonably necessary under the circumstances to arrest Plaintiff.

33.    The force used by Defendants was in excess of what a reasonable law enforcement officer would have considered reasonably necessary under the same or similar circumstances. the individual Defendants were acting or purporting to act in the performance of their official duties.

34.    Plaintiff was harmed. Defendants use of excessive force was a substantial factor in causing Plaintiff's harm.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the City of San Francisco and the San Francisco Police Department as follows:

1.    For all medical costs, past and future, according to proof

2.    For general damages in an amount according to proof;

3.    For attorney's fees as allowed by statute;

Complaint for Assault, Battery, Use of Excessive Force by a Police Officer, False Arrest and Violation of Civil Rights   5

1      4.    For all damages to which Plaintiff is entitled under the California Code of Civil

2    Procedure §52.1.

3      5.    For cost of suit herein; and

4      6.    For all such other and further relief as the Court may deem proper.

5

6

7

8    Dated: September 21, 2007

9                                                      NORMAN NEWHOUSE
                                                       Attorney for Plaintiff ALEXIS BAUTISTA

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint for Assault, Battery, Use of Excessive Force by a Police Officer, False Arrest and Violation of Civil Rights    6

## NOTICE TO PLAINTIFF

A Case Management Conference is set for

| | |
|---|---|
| **DATE:** | **FEB-22-2008** |
| **TIME:** | **9:00AM** |
| **PLACE:** | **Department 212** |
| | **400 McAllister Street** |
| | **San Francisco, CA 94102-3680** |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.** (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

RECEIVED SEP 2 7 2007

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

# Alternative Dispute Resolution (ADR)
# Information Package

# Alternatives to Trial

# Here are some other ways to resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package
on each defendant along with the complaint.  (CRC 201.9(c))

**Superior Court of California**
**County of San Francisco**

# Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.

# Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- *ADR can be speedier.* A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- *ADR can save money.* Court costs, attorneys fees, and expert fees can be saved.

- *ADR can permit more participation.* The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- *ADR can be flexible.* The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- *ADR can be cooperative.* This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

# ALTERNATIVE DISPUTE RESOLUTION PROGRAMS
## Of the San Francisco Superior Court

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to a mandatory settlement conference or trial." (Superior Court Local Rule 4)

This guide is designed to assist attorneys, their clients and self-represented litigants in complying with San Francisco Superior Court's alternative dispute resolution ("ADR") policy. Attorneys are encouraged to share this guide with clients. By making informed choices about dispute resolution alternatives, attorneys, their clients and self-represented litigants may achieve a more satisfying resolution of civil disputes.

The San Francisco Superior Court currently offers three ADR programs for civil matters; each program is described below:

1)    Judicial arbitration
2)    Mediation
3)    The Early Settlement Program (ESP) in conjunction with the San Francisco Bar Association.

## JUDICIAL ARBITRATION

### Description

In arbitration, a neutral "arbitrator" presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case. When the Court orders a case to arbitration it is called <u>judicial arbitration</u>. The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.

Although not currently a part of the Court's ADR program, civil disputes may also be resolved through <u>private arbitration</u>. Here, the parties

A mediator does not propose a judgment or provide an evaluation of the merits and value of the case. Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions. Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

## *Operation*

San Francisco Superior Court Local Court Rule 4 **provides three different voluntary mediation programs** for civil disputes. An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at www.sfgov.org/courts. Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties. A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

## *Private Mediation*

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation. The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial. Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110). Both forms are attached to this packet.

## Cost

Generally, the cost of Private Mediation ranges from $200 per hour to $400 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $200 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

# EARLY SETTLEMENT PROGRAM

## Description

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar.  The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute.  The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference.  A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case.  The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

## Operation

Civil cases enter the ESP either voluntarily or through assignment by the Court.  Parties who wish to choose the early settlement process should indicate this preference on the status and setting conference statement.

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO

400 McAllister Street, San Francisco, CA  94102-4514

| | |
|---|---|
| Plaintiff | Case No. _____ |
| v. | **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION** |
| Defendant | |

**The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:**

☐ **Private Mediation**          ☐ **Mediation Services of BASF**     ☐ **Judicial Mediation**
☐ **Binding arbitration**                                              Judge _____
☐ **Non-binding judicial arbitration**                                 Judge _____
☐ **BASF Early Settlement Program**
☐ **Other ADR process (describe)** _____

**Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

_____

| | | |
|---|---|---|
| _____ | _____ | _____ |
| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | | Dated: _____ |
| _____ | _____ | _____ |
| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | | Dated: _____ |
| _____ | _____ | _____ |
| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | | Dated: _____ |

☐ *Additional signature(s) attached*

ADR-2  3/06                    **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

CM-110

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |

TELEPHONE NO.:                    FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| | |
|---|---|
| **CASE MANAGEMENT STATEMENT**<br>**(Check one):** ☐ **UNLIMITED CASE** ☐ **LIMITED CASE**<br>(Amount demanded (Amount demanded is $25,000<br>exceeds $25,000) or less) | CASE NUMBER: |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:                Time:            Dept.:            Div.:            Room:

Address of court *(if different from the address above)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint    *(describe, including causes of action)*:

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.    The party or parties are willing to participate in *(check all that apply):*
    (1) ☐ Mediation
    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
    (4) ☐ Binding judicial arbitration
    (5) ☐ Binding private arbitration
    (6) ☐ Neutral case evaluation
    (7) ☐ Other *(specify):*

    e.  ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
    f.  ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
    g.  ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**
    ☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**
    a.  ☐ Insurance carrier, if any, for party filing this statement *(name):*
    b  Reservation of rights:  ☐ Yes  ☐ No
    c.  ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
    ☐ Bankruptcy  ☐ Other *(specify):*
Status:

**14. Related cases, consolidation, and coordination**
    a.  ☐ There are companion, underlying, or related cases.
        (1) Name of case:
        (2) Name of court:
        (3) Case number:
        (4) Status:
        ☐ Additional cases are described in Attachment 14a.
    b  ☐ A motion to  ☐ consolidate  ☐ coordinate  will be filed by *(name party):*

**15. Bifurcation**
    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**
    ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*



# Superior Court of California
## County of San Francisco

# Judicial Mediation Program

### Introducing a new court alternative dispute resolution program that provides judicial mediation of complex civil cases

The Judicial Mediation program offers mediation of complex civil litigation by a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

| | |
|---|---|
| The Honorable David L. Ballati | The Honorable Tomar Mason |
| The Honorable Anne Bouliane | The Honorable James J. McBride |
| The Honorable Ellen Chaitin | The Honorable Kevin M. McCarthy |
| The Honorable John J. Conway | The Honorable John E. Munter |
| The Honorable Robert L. Dondero | The Honorable Ronald Evans Quidachay |
| The Honorable Ernest H. Goldsmith | The Honorable A. James Robertson, II |
| The Honorable Curtis E. A. Karnow | The Honorable Mary E. Wiss |
| The Honorable Patrick J. Mahoney | |

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 212. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Coordinator will facilitate assignment of cases that qualify for the program.

Note: Space is limited. Submission of a stipulation to judicial mediation does not guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

12/15/06



**EXHIBIT B**

**COPY**

1    DENNIS J. HERRERA, State Bar #139669
     City Attorney
2    JOANNE HOEPER, State Bar #114961
     Chief Trial Deputy
3    SCOTT D. WIENER, State Bar #189266
     Deputy City Attorney
4    Fox Plaza
     1390 Market Street, 6th Floor
5    San Francisco, California 94102-5408
     Telephone:    (415) 554-4283
6    Facsimile:     (415) 554-3837

7    Attorneys for Defendant
     CITY AND COUNTY OF SAN FRANCISCO

8

9           SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                COUNTY OF SAN FRANCISCO

11    ALEXIS BAUTISTA, an individual,      Case No. CGC-07-467555

12           Plaintiff,           **ANSWER OF DEFENDANT CITY**
                                   **AND COUNTY OF SAN FRANCISCO**
13          vs.

14    CITY AND COUNTY OF SAN
     FRANCISCO, SAN FRANCISCO
15    POLICE DEPARTMENT, SAN
     FRANCISCO POLICE OFFICER
16    WILLIAMS, SAN FRANCISCO POLICE
     SERGEANT ESPINOZA, SAN
17    FRANCISCO POLICE OFFICER LUM,
     DOES 1 to 20, Inclusive,
18

          Defendants.
19

20

21

22

23

24

25

26

27

28

ENDORSED
FILED
San Francisco County Superior Court

OCT 2 3 2007

GORDON PARK-LI, Clerk
BY: _____ WESLEY RAMIREZ
                Deputy Clerk

1   Defendant City and County of San Francisco hereby answers plaintiff's unverified complaint

2   as follows:

3   Pursuant to California Code of Civil Procedure Section 431.30, defendant denies each and

4   every allegation contained in plaintiff's complaint.

5   Defendant denies that plaintiff has been damaged in any sum or sums, or otherwise, or at all,

6   by reason of any act or omission of defendant.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

9   The complaint fails to state facts sufficient to constitute a cause of action against this

10  answering defendant.

#### Second Affirmative Defense

12  The City and County of San Francisco, a public entity, is immune from liability for

13  exemplary damages herein pursuant to the provisions of Section 818 of the California Government

14  Code.

#### Third Affirmative Defense

16  Plaintiff was comparatively negligent in and about the matters and activities alleged in the

17  complaint; said comparative negligence contributed to and was a proximate cause of plaintiff's

18  alleged injuries and damages, if any, or was the sole cause thereof; and if plaintiff is entitled to

19  recover damages against defendants by virtue of said complaint, defendants pray that the recovery be

20  diminished or extinguished by reason of the negligence of the plaintiff in proportion to the degree of

21  fault attributable to the plaintiff.

#### Fourth Affirmative Defense

23  Plaintiff assumed the risk of injury, and her claim is therefore barred.

#### Fifth Affirmative Defense

25  The officer or officers involved at all times acted with probable cause and/or reasonable

26  suspicion and were therefore justified in detaining, arresting, restraining, and/or using force on

27  Plaintiff.

28

**Sixth Affirmative Defense**

The officer or officers involved acted in accordance with and pursuant to §§834, 834a 835, 835a, 835, and 836.5 of the California Penal Code.

**Seventh Affirmative Defense**

The officer or officers' actions were subjectively and objectively reasonable so as to entitle them to absolute or qualified immunity for any acts within the scope of their employment herein.

**Eighth Affirmative Defense**

Plaintiff's complaint is barred by the doctrine of res judicata and/or collateral estoppel.

**Ninth Affirmative Defense**

Defendant is immune from liability because the involved officer or officers were acting to execute or enforce the law.

**Tenth Affirmative Defense**

Defendant is immune from liability because the involved officer or officers were instituting or prosecuting a judicial or administrative proceeding.

**Eleventh Affirmative Defense**

Any force that the involved officer or officers used against Plaintiff was reasonable, privileged, and justified in light of the circumstances at issue and in light of plaintiff's own actions and conduct.

**Twelfth Affirmative Defense**

Plaintiff knowingly, voluntarily and/or willingly consented to the use of force upon his person.

**Thirteenth Affirmative Defense**

The City is immune for an injury to any prisoner, pursuant to Government Code section 844.6.

**Thirteenth Affirmative Defense**

No more force was used on plaintiff's person than was necessary to effect detention, overcome any resistance thereto, prevent escape therefrom, prevent injury to the officers, and/or to facilitate and safeguard a valid police investigation and/or arrest.

### Fourteenth Affirmative Defense

At all times mentioned in the complaint, the plaintiff acted in a careless, reckless, wanton and negligent manner in and about the matters set forth in the complaint; such careless, reckless, wanton and negligent conduct proximately contributed to the injuries and damages, if any, sustained or claimed by plaintiff; and as a consequence, plaintiff's claim is barred.

### Fifteenth Affirmative Defense

The employees, officials and agents of defendant were at all times material hereto acting with both subjective and objective good faith, such that any claim for relief that plaintiff may have is barred by law.

### Sixteenth Affirmative Defense

The complaint is barred by the provisions and immunities of the California Tort Claims Act, without limitation:  Government Code Sections 815; 815.2; 815.3; 815.4; 815.6; 816; 818; 818.2; 818.4; 818.5; 818.6; 818.7; 818.8; 818.9; 820; 820.2; 820.21; 820.25; 820.4; 820.6; 820.8; 820.9; 821; 821.2; 821.4; 821.5; 821.6; 821.8; 822; 822.2; 823; 825; 825.4; 825.6; 827; 830; 830.1; 830.2; 830.4; 830.5; 830.6; 830.8; 830.9; 831; 831.2; 831.21; 831.25; 831.3; 831.4; 831.5; 831.6; 831.7; 831.8; 835; 835.2; 835.4; 840; 840.2; 840.4; 840.6; 844; 844.6; 845; 845.2; 845.4; 845.6; 845.8; 846; 850; 850.2; 850.4; 850.6; 850.8; 854; 854.2; 854.3; 854.4; 854.5; 854.8; 855; 855.2; 855.4; 855.6; 855.8; 856; 856.2; 856.4; 856.6; 860; 860.2; 860.4; 862; 865; 866; 867; 895; 895.2; 895.4; 895.6; 895.8.  Under California law, these defendants are liable only pursuant to statute.

### Seventeenth Affirmative Defense

Plaintiff failed to comply with the claims requirements with respect to suits against public entities, pursuant to Government Code Sections 900-915.4, 930-951 inclusive and other applicable statutes.

### Eighteenth Affirmative Defense

Plaintiff failed to comply with the statute of limitations pursuant to California Code of Civil Procedure §340 and 342, and other applicable statutes.

### Nineteenth Affirmative Defense

Plaintiff failed to exercise reasonable care and diligence to mitigate plaintiff's alleged damages.

### Twentieth Affirmative Defense

Defendant alleges that the fault of persons other than defendant contributed to and proximately caused any occurrence described in the Complaint, and that under the principles of *American Motorcycle Ass'n v. Superior Court* (1978) 20 Cal.3d 578, the percentage of such contribution should be established by special verdict or other procedure, and that defendant's ultimate liability be reduced to the extent of such contribution.

### Twenty-First Affirmative Defense

In the event that defendant is found to be liable – which liability is specifically denied and stated merely for the purposes of this affirmative defense – such liability, if any, for non-economic damages shall be several, and not joint, pursuant to the California Fair Responsibility Act of 1986 (Proposition 51) as set forth in Section 1432 et seq of the California Civil Code.  Defendant requests that the trier of fact be instructed that the amount of non-economic damages be allocated in direct proportion to the percentage of fault, if any, assessed against each person or entity to which the Act applies and that a separate judgment be rendered against each such person or entity in the amount of such non-economic damages attributable to that person or entity.

### Twenty-Second Affirmative Defense

The provisions of the Tort Claims Act of the California Government Code as a measure of the duty of defendants.

### Twenty-Third Affirmative Defense

Any injury to Plaintiff was caused by his own resistance and not by any actions of the officers.

### Twenty-Fourth Affirmative Defense

Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available.  Defendant reserves the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

1    WHEREFORE, defendant prays for judgment as follows:

2       1.   That plaintiff take nothing from Defendant by plaintiff's complaint.

3       2.   That the Court dismiss plaintiff's complaint with prejudice and enter judgment in

4    favor of Defendant;

5       3.   That the Court award Defendant its attorneys fees and costs of suit herein incurred;

6    and

7       4.   That the Court award such additional relief as the Court deems just and proper.

8

9    Dated: October 23, 2007

10                                 DENNIS J. HERRERA

11                                 City Attorney
                              JOANNE HOEPER

12                                 Chief Trial Deputy
                              SCOTT D. WIENER

13                                 Deputy City Attorney

14

15                   By:_____

16                                 SCOTT D. WIENER
                              Attorneys for Defendant

17                                 CITY AND COUNTY OF SAN FRANCISCO

18

19

20

21

22

23

24

25

26

27

28

1 | **BAUTISTA V. CCSF, ET AL. – SF SUPERIOR COURT NO. CGC-07-467555**

2 | **PROOF OF SERVICE**

3 | I, HELEN LAU, declare as follows:

4 | I am a citizen of the United States, over the age of eighteen years and not a party to the within entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza

5 | Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

6 | On October 23, 2007, I served the attached:

7 | **ANSWER OF DEFENDANT CITY AND COUNTY OF SAN FRANCISCO**

8 | on the interested parties in said action, by placing a true copy thereof in sealed envelope(s) addressed as follows:

9 | Norman Newhouse, Esq.
Law Office of Norman Newhouse

10 | 483 Seaport Court, Suite 103
Redwood City, CA 94063

11 | Telephone: (650) 365-8534
Facsimile: (650) 365-1218

12 | *Counsel for Plaintiff*

13 | and served the named document in the manner indicated below:

14 | ☒ **BY UNITED STATES MAIL:** Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States

15 | Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited,

16 | postage prepaid, with the United States Postal Service that same day.

17 | ☐ **BY PERSONAL SERVICE:** I sealed true and correct copies of the above documents in addressed envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional messenger service. **A**

18 | **declaration from the messenger who made the delivery** ☐ **is attached or** ☐ **will be filed separately with the court.**

19 |

20 | ☐ **BY OVERNIGHT DELIVERY:** I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and delivery by overnight courier service. I am readily familiar with the practices of the San Francisco City Attorney's Office for sending overnight deliveries. In the ordinary course of business, the sealed

21 | envelope(s) that I placed for collection would be collected by a courier the same day.

22 | ☐ **BY FACSIMILE:** Based on a written agreement of the parties to accept service by fax, I transmitted true and correct copies of the above document(s) via a facsimile machine at telephone number (415) 554-3837 to the persons and the fax

23 | numbers listed above. The fax transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine, and **a copy of the transmission report** ☐ **is attached or** ☐ **will**

24 | **be filed separately with the court.**

25 | I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

26 |

27 | Executed October 23, 2007, at San Francisco, California.

28 | HELEN LAU

ANSWER:
Bautista v. CCSF. et al. – SFSC No. CGC-07-467555

n:\lit\li2007\080450\00445306.doc

**BAUTISTA V. CCSF, ET AL.**

## PROOF OF SERVICE

I, HELEN LAU, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the within entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

On October 24, 2007, I served the attached:

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b)**
**(FEDERAL QUESTION JURISDICTION) BY**
**DEFENDANT CITY AND COUNTY OF SAN FRANCISCO**
**[28 U.S.C. §§ 1441, 1446]**

### DEMAND FOR JURY TRIAL

on the interested parties in said action, by placing a true copy thereof in sealed envelope(s) addressed as follows:

Norman Newhouse, Esq.
Law Office of Norman Newhouse
483 Seaport Court, Suite 103
Redwood City, CA 94063
Telephone:    (650) 365-8534
Facsimile:    (650) 365-1218
*Counsel for Plaintiff*

and served the named document in the manner indicated below:

☒    **BY UNITED STATES MAIL:** Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed October 24, 2007, at San Francisco, California.

_____
HELEN LAU