1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Deputy
3  SCOTT D. WIENER, State Bar #189266
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, 6th Floor
5  San Francisco, California 94102-5408
   Telephone:    (415) 554-4283
6  Facsimile:    (415) 554-3837

7  Attorneys for Defendant
   CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ALEXIS BAUTISTA, an individual, | Case No. C07-5434 CW |
|---|---|
| Plaintiff, | **DEFENDANTS' SEPARATE CASE MANAGEMENT STATEMENT (PRO PER CASE)** |
| vs. | |
| CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO POLICE DEPARTMENT, SAN FRANCISCO POLICE OFFICER WILLIAMS, SAN FRANCISCO POLICE SERGEANT ESPINOZA, SAN FRANCISCO POLICE OFFICER LUM, DOES 1 to 20, Inclusive, | Date:    June 24, 2008<br>Time:    2:00 p.m.<br>Hon. Claudia Wilken |
| Defendants. | |

CASE MANAGEMENT STATEMENT;               1                n:\lit\li2007\080450\00490821.doc
Bautista v. CCSF, et al. – SFSC No. CGC-07-467555

Defendants submit this Case Management Statement in anticipation of the June 24, 2008, Case Management Conference. Because Plaintiff is pro per, the parties are not submitting a joint statement.

1. Jurisdiction and Service

The Court has subject matter jurisdiction over this case pursuant to its federal question jurisdiction and supplemental jurisdiction. All Defendants have appeared.

2. Facts

In the late evening of October 5, 2006, San Francisco police officers were patrolling the 400 block of Townsend Street, an area known for assaults, drug use, and prostitution. Officers observed a vehicle whose rear window was fogged up. Inside the vehicle, there appeared to be a male figure on top of another person in the back seat of the vehicle. Because the vehicle was in an isolated high-crime area, the officers decided to investigate.

The officers approached the vehicle and shined a flashlight in, at which point they observed a male figure on top of a woman. When the man saw the officers, he got off of the woman. The officers motioned to the man to open the car door, which he did. The officers asked the two for identification. The man, later identified as Rene Gallardo, complied. The woman, later identified as Plaintiff Alexis Bautista, refused and immediately began to speak in an agitated and belligerent manner. Gallardo attempted to calm Plaintiff down, but to no avail.

Plaintiff suddenly exited the vehicle without being asked and then dove back into the vehicle to avoid the officers. The officers decided to detain Plaintiff, given her resistive and belligerent behavior during this investigative stop. Plaintiff was not compliant with the officers' instructions and was physically resistive. Plaintiff kept her arms crossed in order to deny the officers access to them. The officers continued to attempt to extract Plaintiff from the car, but she continued to resist. The officers prepared to use pepper spray to obtain compliance, but the pepper spray was never used. Gallardo pled with Plaintiff to obey the officers instructions. The officers eventually were able to pull Plaintiff out of the car. Because of her resistance in being taken out of the car, she fell down on her knee and scraped it when she was extracted. Once out of the car, Plaintiff continued to avoid being handcuffed, but the officers were eventually were able to cuff her.

Only the minimal force described above was used on Plaintiff.  Plaintiff's allegation that an officer touched her inappropriately or sexually assaulted her is a complete fabrication.  At no point did any officer touch Plaintiff inappropriately, fondle her, or otherwise sexually assault her.

Plaintiff was briefly detained in handcuffs and then cited and released.  She declined medical attention.  Gallardo apologized to the officers for what had occurred.

<u>Principal factual issues in dispute</u>

The circumstances surrounding Plaintiff's arrest

Whether Plaintiff resisted arrest.

Whether Plaintiff engaged in the conduct described above.

Whether the officers engaged in the conduct described in Plaintiff's complaint.

The level of force that officers used against Plaintiff.

Whether the officers touched Plaintiff inappropriately, as described in Plaintiff's version.

The nature and extent of Plaintiff's injuries.

3. <u>Legal Issues</u>

Whether the officers had reasonable suspicion and/or probable cause to detain and/or arrest Plaintiff.

Whether the officers used reasonable force against Plaintiff.

Whether the officers are entitled to qualified immunity.

Whether Plaintiff resisted arrest.

Whether Defendants' caused any of Plaintiff's alleged damages.

Whether Plaintiff was at fault for any damages that she sustained.

Whether the City is liable to plaintiff under 42 U.S.C. section 1983 and under California law.

4. <u>Motions</u>

Plaintiff filed a motion regarding her failure to meet certain deadlines.  Defendants opposed the motion and requested that the Court dismiss the case as outlined in the Court's May 2, 2008, order.

Defendants may move for summary judgment or partial summary judgment.

Defendants may move to stay *Monell* discovery and to bifurcate *Monell* issues from the underlying liability issues.

5. Amendment of Pleadings

Defendants do not anticipate amendments to the pleadings.

6. Evidence Preservation

Defendants have preserved evidence.

7. Disclosures

Defendants served initial disclosures pursuant to Fed. R. Civ. P. 26. Plaintiff has not provided initial disclosures. Defendants moved to compel Plaintiff to make initial disclosures, and the Court set a deadline for her to do so. Plaintiff has missed the deadline and still has not provided initial disclosures.

8. Discovery

Defendants took the deposition of witness Rene Gallardo. Plaintiff did not appear for her own deposition. Plaintiff has not responded to written discovery. The Court issued an order setting a deadline for her to do so. Plaintiff has missed the deadline and still has not responded.

9. Class Actions

This case is not a class action.

10. Related Cases

Defendants are unaware of related cases.

11. Relief

Plaintiff is seeking damages, punitive damages, attorneys fees, and costs. Defendants are seeking attorneys fees and costs.

12. Settlement/ADR

The parties agreed to participate in mediation. The mediator, however, was unable to obtain cooperation from Plaintiff, and no mediation has occurred.

13. Consent to Magistrate Judge for all Purposes

Defendants do not consent to trial of this case by a United States Magistrate Judge.

14. <u>Other References</u>

The case is not suitable for such a reference.

15. <u>Narrowing of Issues</u>

Defendants are unable to evaluate at this point whether there are issues that can be narrowed.

16. <u>Expedited Schedule</u>

This case is not suitable for an expedited schedule.

17. <u>Scheduling</u>

The Court set a case management schedule.

18. <u>Trial</u>

The Court set a trial date of April 13, 2009.

19. <u>Disclosure of Non-Party Interested Entities or Persons</u>

Defendants are unaware of nonparties with such an interest in this lawsuit.

Dated: June 16, 2008

        DENNIS J. HERRERA
        City Attorney
        JOANNE HOEPER
        Chief Trial Deputy
        SCOTT D. WIENER
        Deputy City Attorney

        -/s/-   *Scott D. Wiener*
By:_____
        SCOTT D. WIENER
        Attorneys for Defendant
        CITY AND COUNTY OF SAN FRANCISCO