1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Deputy
3  SCOTT D. WIENER, State Bar #189266
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, 6th Floor
5  San Francisco, California 94102-5408
   Telephone:     (415) 554-4283
6  Facsimile:     (415) 554-3837

7  Attorneys for Defendant
   CITY AND COUNTY OF SAN FRANCISCO

8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11  ALEXIS BAUTISTA, an individual,        Case No. C07-5434 CW

12              Plaintiff,                 **DEFENDANTS' SEPARATE CASE
                                           MANAGEMENT STATEMENT (PRO
13        vs.                              PER CASE)**

14  CITY AND COUNTY OF SAN                 Date:      August 26, 2008
    FRANCISCO, SAN FRANCISCO               Time:      2:00 p.m.
15  POLICE DEPARTMENT, SAN                 Hon. Claudia Wilken
    FRANCISCO POLICE OFFICER
16  WILLIAMS, SAN FRANCISCO POLICE
    SERGEANT ESPINOZA, SAN
17  FRANCISCO POLICE OFFICER LUM,
    DOES 1 to 20, Inclusive,
18
                Defendants.
19

20

21

22

23

24

25

26

27

28

1    Defendants submit this Case Management Statement in anticipation of the August 26, 2008,

2    Case Management Conference.  Because Plaintiff is pro per, the parties are not submitting a joint

3    statement.

4        1.    Jurisdiction and Service

5        The Court has subject matter jurisdiction over this case pursuant to its federal question

6    jurisdiction and supplemental jurisdiction.  All Defendants have appeared.

7        2.    Facts

8        In the late evening of October 5, 2006, San Francisco police officers were patrolling the 400

9    block of Townsend Street, an area known for assaults, drug use, and prostitution.  Officers observed

10   a vehicle whose rear window was fogged up.  Inside the vehicle, there appeared to be a male figure

11   on top of another person in the back seat of the vehicle.  Because the vehicle was in an isolated high-

12   crime area, the officers decided to investigate.

13       The officers approached the vehicle and shined a flashlight in, at which point they observed a

14   male figure on top of a woman.  When the man saw the officers, he got off of the woman.  The

15   officers motioned to the man to open the car door, which he did.  The officers asked the two for

16   identification.  The man, later identified as Rene Gallardo, complied.  The woman, later identified as

17   Plaintiff Alexis Bautista, refused and immediately began to speak in an agitated and belligerent

18   manner.  Gallardo attempted to calm Plaintiff down, but to no avail.

19       Plaintiff suddenly exited the vehicle without being asked and then dove back into the vehicle

20   to avoid the officers.  The officers decided to detain Plaintiff, given her resistive and belligerent

21   behavior during this investigative stop.  Plaintiff was not compliant with the officers' instructions

22   and was physically resistive.  Plaintiff kept her arms crossed in order to deny the officers access to

23   them.  The officers continued to attempt to extract Plaintiff from the car, but she continued to resist.

24   The officers prepared to use pepper spray to obtain compliance, but the pepper spray was never used.

25   Gallardo pled with Plaintiff to obey the officers instructions.  The officers eventually were able to

26   pull Plaintiff out of the car.  Because of her resistance in being taken out of the car, she fell down on

27   her knee and scraped it when she was extracted.  Once out of the car, Plaintiff continued to avoid

28   being handcuffed, but the officers were eventually were able to cuff her.

CASE MANAGEMENT STATEMENT;                    2                    n:\lit\li2007\080450\00503670.doc
Bautista v. CCSF, et al. – SFSC No. CGC-07-467555

1    Only the minimal force described above was used on Plaintiff.  Plaintiff's allegation that an

2    officer touched her inappropriately or sexually assaulted her is a complete fabrication.  At no point

3    did any officer touch Plaintiff inappropriately, fondle her, or otherwise sexually assault her.

4    Plaintiff was briefly detained in handcuffs and then cited and released.  She declined medical

5    attention.  Gallardo apologized to the officers for what had occurred.

6    <u>Principal factual issues in dispute</u>

7    The circumstances surrounding Plaintiff's arrest

8    Whether Plaintiff resisted arrest.

9    Whether Plaintiff engaged in the conduct described above.

10    Whether the officers engaged in the conduct described in Plaintiff's complaint.

11    The level of force that officers used against Plaintiff.

12    Whether the officers touched Plaintiff inappropriately, as described in Plaintiff's version.

13    The nature and extent of Plaintiff's injuries.

14    3.    <u>Legal Issues</u>

15    Whether the officers had reasonable suspicion and/or probable cause to detain and/or arrest

16    Plaintiff.

17    Whether the officers used reasonable force against Plaintiff.

18    Whether the officers are entitled to qualified immunity.

19    Whether Plaintiff resisted arrest.

20    Whether Defendants' caused any of Plaintiff's alleged damages.

21    Whether Plaintiff was at fault for any damages that she sustained.

22    Whether the City is liable to plaintiff under 42 U.S.C. section 1983 and under California law.

23    4.    <u>Motions</u>

24    Defendants moved to compel Plaintiff to respond to discovery and to provide initial

25    disclosures.  The Court ordered her to do so, and Plaintiff failed to comply with that order.  The

26    Court then set a new deadline, which Plaintiff has again missed.  Plaintiff has never responded to

27    discovery or provided initial disclosures.

28    Defendants may move for summary judgment or partial summary judgment.

1    Defendants may move to stay *Monell* discovery and to bifurcate *Monell* issues from the
2  underlying liability issues.

3    5.    Amendment of Pleadings

4    Defendants do not anticipate amendments to the pleadings.

5    6.    Evidence Preservation

6    Defendants have preserved evidence.

7    7.    Disclosures

8    Defendants served initial disclosures pursuant to Fed. R. Civ. P. 26.  Plaintiff has never
9  provided initial disclosures, which were due in January of this year.

10    8.    Discovery

11    Defendants took the deposition of witness Rene Gallardo.  Plaintiff did not appear for her
12  own deposition.

13    Plaintiff has not responded to written discovery.  The Court issued an order setting several
14  deadlines for her to do so.  Plaintiff has missed all such deadlines and still has not responded.
15  Counsel just received a letter from Plaintiff to the Court indicating that she has not received
16  Defendants' discovery requests.  Defendants have provided copies to Plaintiff several times, in
17  addition to having served them in January on Plaintiff's former counsel.  Moreover, Plaintiff does not
18  need anything from Defendants in order to complete her initial disclosures, yet she still has not done
19  so.

20    At this point, it appears that Plaintiff is not taking the Court's deadlines seriously.  Her initial
21  disclosures were due 7 months ago, and her written discovery responses were due 6 months ago.
22  She has made minimal effort, if any, to comply with the Court's directives.

23    9.    Class Actions

24    This case is not a class action.

25    10.    Related Cases

26    Defendants are unaware of related cases.

27

28

1    11.    <u>Relief</u>

2    Plaintiff is seeking damages, punitive damages, attorneys fees, and costs.  Defendants are

3    seeking attorneys fees and costs.

4    12.    Settlement/ADR

5    The parties agreed to participate in mediation.  The mediator, however, was unable to obtain

6    cooperation from Plaintiff, and no mediation has occurred.

7    13.    Consent to Magistrate Judge for all Purposes

8    Defendants do not consent to trial of this case by a United States Magistrate Judge.

9    14.    Other References

10   The case is not suitable for such a reference.

11   15.    Narrowing of Issues

12   Defendants are unable to evaluate at this point whether there are issues that can be narrowed.

13   16.    Expedited Schedule

14   This case is not suitable for an expedited schedule.

15   17.    Scheduling

16   The Court set a case management schedule.

17   18.    Trial

18   The Court set a trial date of April 13, 2009.

19   19.    Disclosure of Non-Party Interested Entities or Persons

20   Defendants are unaware of nonparties with such an interest in this lawsuit.

21   Dated:  August 18, 2008

22                                          DENNIS J. HERRERA
                                            City Attorney
23                                          JOANNE HOEPER
                                            Chief Trial Deputy
24                                          SCOTT D. WIENER
                                            Deputy City Attorney
25                                               -/s/-    *Scott D. Wiener*

26                                  By:_____
                                            SCOTT D. WIENER
27                                          Attorneys for Defendant
                                            CITY AND COUNTY OF SAN FRANCISCO
28